09-1221-cv
Halaf v. Halaf

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:
    PIERRE N. LEVAL,
     ROBERT A. KATZMANN,
    BARRINGTON D. PARKER
        *Circuit Judges*,

_____

AVI HALAF,

          *Petitioner-Appellant*,

              *v.*                    No. 09-1221-cv

AYELET BASON HALAF,

          *Respondent-Appellee*.

_____

For Petitioner:            YORAM NACHIMOVSKY, New York, NY

For Respondent:           ROBERT D. ARENSTEIN, New York, NY


    Appeal from the United States District Court for the Eastern District of New York

(Sifton, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court denying the petition be and hereby is **AFFIRMED**.

Petitioner Avi Halaf brings this action against his wife, Ayelet Bason Halaf, pursuant to the Convention on the Civil Aspects of International Child Abduction (the Hague Convention) claiming that his son was wrongfully removed from Israel, and asking for the return of his son to Israel. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The Hague Convention aims "to protect children from wrongful international removals or retentions," and "promptly restore[]" such children to their "country of habitual residence." 51 Fed. Reg. 10,494, 10,504-05 (March 26, 1986). We have stated that in cases brought under the Hague Convention, "[n]ormally the shared intent of the parents should control the habitual residence of the child." *Gitter v. Gitter*, 396 F.3d 124, 134 (2d Cir. 2005). The intentions of the parents as of the last time that their intentions were shared is a question of fact that we review for clear error. *Id*. at 133.

After conducting an evidentiary hearing and considering the testimony of both parties, the district court found Ayelet Bason Halaf's version of the facts to be more credible and found that when the parties' intentions last converged, they intended for their son to live in the United States. We conclude that there was no clear error in these findings. We further conclude that, under the circumstances of this case, the district court appropriately ended the inquiry after determining the shared intent of the parents.

2

We have considered appellant's remaining arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court dismissing the petition is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK